IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Investors Title Insurance Company,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Estill Holdings, LLP,<br><br>　　　　　　　　　Defendant. | Case No.: 9:23-cv-2495-BHH<br><br>**COMPLAINT** |

Plaintiff Investors Title Insurance Company ("Investors Title"), complaining of Defendant Estill Holdings, LLP ("Estill Holdings"), alleges:

**PARTIES**

1. Investors Title is a title insurance company organized and existing under the laws of North Carolina, its principal place of business is in North Carolina, and it is duly authorized to do business and write title insurance policies in South Carolina.

2. Estill Holdings is a limited liability partnership organized and existing under the laws of the State of South Carolina, its principal place of business is in the State of South Carolina, and, upon information and belief, its partners are residents of South Carolina or Florida.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over this action because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court as the events related to this action occurred in this district, the title insurance policy that is the subject of this case was issued in this district, and the real property that is the subject of this action is located in this district.

5. Investors Title brings this complaint for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 as there exists an actual justiciable controversy between the parties and its resolution is appropriate for a declaratory judgment.

## FACTUAL BACKGROUND

6. Pursuant to that certain Deed dated March 20, 2001, recorded on April 4, 2001, with the Hampton County Clerk of Court in Deed Book 252 at Page 187 (the "2001 Deed"), Carolina Soya, LLC ("Carolina Soya") acquired title to real property in Hampton County, South Carolina, described as Parcel "B" containing 6.425-acres (the "Parent Tract") on a plat dated March 12, 2001, and recorded in Plat Cabinet A, Slide 75 at Page 4.

7. At the time of the 2001 Deed, Hampton County had assigned the Parent Tract Tax Map # 049-07-10-003.

8. On or about December 13, 2010, Carolina Soya had a plat prepared to subdivide the Parent Tract into two separate parcels, which plat was recorded with the Hampton County Clerk of Court in Plat Book 134 at Page 9 ("2010 Plat"). The 2010 Plat subdivided the Parent Tract into a 5.556-acre parcel described as Parcel "1" (the "Additional Property") and a 0.857-acre parcel (the "Property).

9. Upon the subdivision of the Parent Tract, Hampton County assigned the Additional Property Tax Map # 049-07-10-003 and assigned the Property Tax Map # 049-07-10-004.

10. On or about December 15, 2010, Carolina Soya conveyed the Additional Property, among other property, to Archer-Daniels-Midland Company via that certain Deed recorded on December 16, 2010, with the Hampton County Clerk of Court in Deed Book 368 at Page 248 (the "2010 Deed"). The 2010 Deed was re-recorded to correct a legal description error on February 3, 2011, with the Hampton County Clerk of Court in Deed Book 370 at Page 212. Through a chain

of conveyances, the current owner of the Additional Property is Ag-Lining Partners, LLC ("Ag-Lining Partners") via that certain Limited Warranty Deed recorded on January 26, 2022, with the Hampton County Clerk of Court in Deed Book 499 at Page 82, and re-recorded on June 6, 2022, with the Hampton County Clerk of Court in Deed Book 504 at Page 258.

11. Eric Grimes is the principal partner or controlling partner of Estill Holdings. Eric Grimes constantly searches for real estate in the immediate area of Estill, South Carolina, and learned through word of mouth that Carolina Soya owned real estate in the area, including the Property.

12. Eric Grimes, on behalf of Estill Holdings, approached representatives of Carolina Soya in September 2022 about purchasing the Property and another unrelated parcel that is commonly known as Tax Map # 050-03-10-016 (the "0.48-Acre Parcel").

13. Carolina Soya initially requested $200,000.00 for the Property, but an agreement was eventually reached between Carolina Soya and Estill Holdings for a purchase price of $180,000.00.

14. Eric Grimes hired Solomons and Lawton, PC, a law firm in Hampton County, to act as Estill Holdings' closing attorney in the purchase.

15. Solomons and Lawton, PC was also an issuing agent for Investors Title, meaning that it was authorized to issue owner's and lender's title insurance policies on behalf of Investors Title.

16. On September 21, 2022, Eric Grimes sent an email to a paralegal with Solomons and Lawton, PC, and advised of an agreement to purchase two parcels from Carolina Soya and requested Solomons and Lawton, PC prepare a real estate purchase contract for this transaction.

17. The email from Eric Grimes notes a purchase price of $180,000.00 for the Property, which is specifically described as Tax Map # 049-07-10-004. Additionally, the summary of this parcel includes reference to a common address of 194 Fourth Street, Estill, SC 29918, and indicates that the Property is approximately 0.91 acres. The short description of this parcel in the referenced email, which appears to have been copied from the Hampton County Tax Assessor records, states "PT OF 049-070-10-003," which is because the Property was subdivided out of the original Parent Tract which was assigned that tax map number.

18. Solomons and Lawton, PC, in its capacity as counsel for Estill Holdings, prepared a Real Estate Purchase Contract (the "Contract").

19. Through inadvertence, mistake, and scrivener's error, the Contract contained the following errors.

   a. In the first section, the property to be sold is described as "TM # 049-07-10-004 and TM# 049-07-10-003 more particularly described in attached EXHIBIT 'A'".

   b. Exhibit "A" only contains a reference to Tax Map # 049-07-10-004, which is the tax map number for the Property, however, the full legal description matches the legal description for the Parent Tract.

   c. The purchase price on the Contract is listed as $185,000.00, which shows the Contract was intended to reference the Property and the 0.48-Acre Parcel, which Grimes stated in his initial email to Solomons and Lawton, PC that he intended to purchase from Carolina Soya for a purchase price of $5,000, in addition to the Property, for which Estill Holdings was paying $180,000.

20. On October 6, 2022, Solomons and Lawton, PC contacted a title abstractor to request a title search of "property in the name of Carolina Soya…[b]eing sold to Estill Holdings,

4

LLP (Eric Grimes)…TM# 049-07-10-003 and 049-07-10-004." On October 20, 2022, the title abstractor responded and advised that only Tax Map # 049-07-10-004, also known as the Property, was owned by Carolina Soya, and that Tax Map # 049-07-10-003, also known as the Additional Property, is owned by Ag-Lining Partners.

21. Based on this finding, on October 20, 2022, the title abstractor requested clarification as to whether she was supposed to search the title for the Additional Property. That same day, Solomons and Lawton, PC responded that it had intended to request a title search of the Property and the 0.48-Acre Parcel, both of which were owned by Carolina Soya.

22. On October 21, 2022, the title abstractor requested confirmation that she did not need to run a title search for the Additional Property. That same day, Solomons and Lawton, PC confirmed that only the title for the Property and the 0.48-Acre Parcel needed to be searched.

23. On November 10, 2022, Alton C. Phillips ("Phillips") executed a Corporate Resolution on behalf of Carolina Soya indicating it intended to sell Tax Map # 049-07-10-004, also known as the Property, to Estill Holdings for $180,000.00. Also, on November 10, 2022, Phillips executed a Corporate Resolution on behalf of Carolina Soya indicating it intended to sell the 0.48-Acre Parcel to Estill Holdings for $5,000.00.

24. On November 28, 2022, Eric Grimes executed a Corporate Resolution on behalf of Estill Holdings indicating it intended to buy Tax Map # 049-07-10-004, also known as the Property, from Carolina Soya for $180,000.00. Also on November 28, 2022, Eric Grimes executed a Corporate Resolution on behalf of Estill Holdings indicating it intended to buy the 0.48-Acre Parcel from Carolina Soya for $5,000.00.

25. On or about November 28, 2022, Carolina Soya conveyed real property to Estill Holdings via two separate deeds, recorded on December 12, 2022, with the Hampton County Clerk of Court in Deed Book 511 at Page 342 and Deed Book 511 at Page 345.

26. The Deed recorded in Deed Book 511 at Page 345 conveys the 0.48-Acre Parcel from Carolina Soya to Estill Holdings.

27. The deed recorded in Deed Book 511 at Page 342 ("Vesting Deed") contains the same errors that were in the Contract and describes the property it purported to convey by using the correct tax map number for the Property, but instead of describing the Property accurately, it describes the Property by using the same legal description of the Parent Tract.

28. In exchange for a statutorily-set premium paid by Estill Holdings, Investors Title by and through Solomons and Lawton, PC, issued to Estill Holdings an Owner's Policy of Title Insurance with an effective date of December 12, 2022, with the amount of insurance being $180,000 ("the Policy").

29. The Policy, like the Vesting Deed, mistakenly contains the legal description for the Parent Tract.

30. On February 24, 2023, Estill Holdings by and through its retained counsel, submitted a claim in writing with Investors Title. According to Estill Holding's claim letter, Estill Holdings learned it had only acquired title to the Property and not the Additional Property (i.e. the entire Parent Tract) as referenced in the Vesting Deed and the Policy.

31. Even though Estill Holdings specifically requested the Contract be drafted to only include the Property and the 0.48-Acre Parcel—not the Additional Property—Estill Holdings contended as part of its claim submission that it intended to acquire the Parent Tract. Estill

Holdings further claimed it suffered a loss due to the partial failure of title of not acquiring the Additional Property and/or Parent Tract.

32. In connection with Investors Title's investigation of the claim submitted by Estill Holdings, it contacted two representatives of Carolina Soya to discuss the circumstances surrounding the insured transaction.

33. A representative of Carolina Soya informed Investors Title on March 17, 2023, that Carolina Soya had not listed any of the involved properties for public sale but had been approached by Eric Grimes on behalf of Estill Holdings regarding the purchase of two parcels owned by Carolina Soya in Estill, South Carolina, presumably the Property and the 0.48-Acre Parcel. Carolina Soya further informed Investors Title that Carolina Soya relied on Solomons and Lawton, PC, in its capacity as counsel for Estill Holdings, to draft the Contract and Vesting Deed, but that Carolina Soya had not intended to convey more property than it owned.

34. The Policy sets forth certain exclusions to coverage. Exclusion 3(a) and 3(c) provide as follows:

*EXCLUSIONS FROM COVERAGE*

*The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:*

*\*\*\*\*\*\*\*\*\**

*3. Defects, liens, encumbrances, adverse claims, or other matters*

   *(a) created, suffered, assumed, or agreed to by the Insured Claimant;*

   *\*\*\*\*\*\*\*\*\**

   *(c) resulting in no loss or damage to the Insured Claimant;*

35. The Policy sets forth certain exceptions to coverage. One exception, Exception 6, provides as follows:

### *EXCEPTIONS FROM COVERAGE*

*This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:*

*\*\*\*\*\*\*\*\*\**

*6. Such state of facts as would be disclosed by an accurate survey and inspection of the premises.*

36. The facts as set forth in the documents and through investigation reveal a verbal agreement was reached for Carolina Soya to sell the Property to Estill Holdings in exchange for $180,000.00. Based on this agreement, Eric Grimes requested Solomons and Lawton, PC, in its capacity as Estill Holding's counsel, draft the Contract. Due to an apparent mistake, Solomons and Lawton, PC included the legal description for the Parent Tract in the Contract. Additionally, Solomons and Lawton, PC mistakenly included the tax map number for the Additional Property in the Contract instead of the 0.48-Acre Parcel. The documents show Carolina Soya only intended to sell to Estill Holdings, and Estill Holdings only intended to buy from Carolina Soya, the Property and the 0.48-Acre Parcel.

37. As part of its investigation, Investors Title has been unable to find any evidence that Carolina Soya marketed or indicated to Eric Grimes and/or Estill Holdings that it owned and intended to sell the Additional Property aside from warranties and/or representations in the Contract and Vesting Deed, both of which were prepared by Solomons and Lawton, PC in its capacity as Estill Holding's counsel.

38. Accordingly, on May 15, 2023, Investors Title sent a detailed letter to counsel for Estill Holdings denying coverage of the claim.

39. Investors Title denied coverage based on Exclusions 3(a) and 3(c), as they apply as a matter "agreed to" by an insured and one for which an insured suffers no loss in cases where additional land is included in a deed and title insurance policy which the parties did not intend to be part of the transaction, which is exactly what took place here.

40. Estill Holdings acquired title to the Property for the consideration it bargained for with Carolina Soya. To the extent the Additional Property was included in the legal description of the Contract, Vesting Deed, and the Policy, this inclusion appears to have occurred due to a mutual mistake and scrivener's error by Solomons and Lawton, PC.

41. This mistaken inclusion of the Additional Property in the transaction that the parties did not intend triggers Exclusions 3(a) and 3(c) of the Policy and, as such, Investors Title denied coverage for this claim on this basis.

42. In addition to Investors Title's denial of coverage based on Exclusions 3(a) and 3(c), to the extent Estill Holdings claims it intended to acquire the entire Parent Tract, Exception 6, the survey and inspection exception, also applies as a basis for denying coverage.

43. Before closing, Eric Grimes asked Solomons and Lawton, PC for the physical address of the warehouse it was purchasing. Although a warehouse is located on the Property, the Additional Property contains additional commercial structures, including an approximate 6,000-square-foot building that is currently owned and occupied by AGrowStar, LLC ("AGrowStar"), a grain merchandising company. Upon information and belief, AGrowStar is a related entity of Ag-Lining Partners, the current owner of the Additional Property.

44. An in-person inspection of the Property and Additional Property before the closing of the transaction would have put Grimes and/or Estill Holdings on notice that the Additional Property was not owned by Carolina Soya, and as such, could not be validly conveyed.

9

45.     In its letter denying coverage, Investors Title specifically stated, "If there are any additional facts relevant to this matter, please provide this information or documentation as soon as possible and I will review this matter once again."

46.     Estill Holdings did not provide Investors Title with additional facts relevant to this matter and did not provide additional information or documentation to Investors Title.

47.     Instead, on June 1, 2023, Estill Holdings, by and through new counsel, sent a letter to Investors Title threatening litigation.

48.     Investors Title's denial of coverage was appropriate, proper, and fully authorized by the Policy.

## FOR A FIRST CAUSE OF ACTION
*(Declaratory Judgment – Exclusions 3(a) and 3(c))*

49.     Investors Title repeats and re-alleges each of the preceding paragraphs as if set forth verbatim herein.

50.     Estill Holdings' claim is barred by Exclusions 3(a) and 3(c) of the Policy because the facts clearly show the failure to obtain title to the Additional Property was "created, suffered, assumed, or agreed to by" Estill Holdings and the failure of the Additional Property to be included in the conveyance to Estill Holdings resulted in no loss or damage to Estill Holdings as Estill Holdings never intended to contract for the purchase of the Additional Property and only intended to buy the Property.

51.     Investors Title appropriately denied coverage by relying on Exclusions 3(a) and 3(c) of the Policy.

52.     Accordingly, Investors Title is entitled to an order declaring that no coverage is provided to Estill Holdings under the Policy due to Exclusions 3(a) and 3(c) of the Policy and that

Investors Title is not required to indemnify Estill Holdings for any matter, loss, or damage related to the Additional Property.

## FOR A SECOND CAUSE OF ACTION
*(Declaratory Judgment – Exception 6)*

53. Investors Title repeats and re-alleges each of the preceding paragraphs as if set forth verbatim herein.

54. Estill Holdings' claim is barred by Exception 6 of the Policy because the state of facts—that Estill Holdings was not buying and Carolina Soya was not selling the Additional Property—would have been disclosed by an accurate survey and inspection of the premises.

55. Investors Title appropriately denied coverage by relying on Exception 6 of the Policy.

56. Accordingly, Investors Title is entitled to an order declaring that no coverage is provided to Estill Holdings under the Policy due to Exception 6 of the Policy and that Investors Title is not required to indemnify Estill Holdings for any matter, loss, or damage related to the Additional Property.

## FOR A THIRD CAUSE OF ACTION
*(Declaratory Judgment – Reformation of the Policy)*

57. Investors Title repeats and re-alleges each of the preceding paragraphs as if set forth verbatim herein.

58. Due to mistake, inadvertence, and scrivener's error, the Policy describes the Parent Tract instead of the Property.

59. Estill Holdings intended to buy only the Property, not the Additional Property.

60. Carolina Soya intended to sell only the Property, not the Additional Property.

11

61. Investors Title intended to describe in the Policy only the Property, not the Additional Property.

62. Solomons and Lawton, PC intended to describe in the Contract, the Vesting Deed, and the Policy only the Property, not the Additional Property.

63. To reflect the true intent of the parties, the Policy should be reformed such that it describes only the Property, not the Additional Property.

64. Investors Title has no adequate remedy of law.

65. Accordingly, Investors Title is entitled to an order declaring that the Policy be reformed such that it describes the Property, not the Additional Property.

WHEREFORE, having set forth its Complaint, Investors Title prays this Court inquire more fully into the matters alleged herein and issue its Order and judgment declaring:

A. No coverage is provided to Estill Holdings under the Policy due to Exclusions 3(a) and 3(c) of the Policy and that Investors Title is not required to indemnify Estill Holdings for any matter, loss, or damage related to the Additional Property;

B. No coverage is provided to Estill Holdings under the Policy due to Exception 6 of the Policy and that Investors Title is not required to indemnify Estill Holdings for any matter, loss, or damage related to the Additional Property;

C. That the Policy be reformed such that it describes the Property, not the Additional Property; and

D. For such other and further relief as it deems just and proper.

[signature page follows]

        **CALLISON TIGHE & ROBINSON, LLC**

        *s/ Demetri K. Koutrakos*
Demetri K. Koutrakos, Fed. Id. No. 6989
Harry A. Dixon, Fed. Id. No. 12870
1812 Lincoln Street, Suite #200
P.O. Box 1390
Columbia, SC 29202-1390
Telephone: 803-404-6900
Facsimile: 803-404-6902
Email: jimkoutrakos@callisontighe.com
Email: harrydixon@callisontighe.com

**ATTORNEYS FOR PLAINTIFF
INVESTORS TITLE INSURANCE
COMPANY**

June 6, 2023

13